**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JON ROE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 25-1374-JLH |
| CHRISTIANA CARE HEALTH | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM ORDER</u>

Pending before the Court is Defendant Christiana Care Health Services, Inc.'s Motion to Dismiss (D.I. 7) Plaintiff Jon Roe's Complaint (D.I. 1) on the grounds that Plaintiff lacks standing and fails to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons that follow, the motion to dismiss will be GRANTED.

1.      "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The possibility of relief is not enough. *Id.* In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id.* at 679. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).

2.      The Complaint alleges that, on October 29, 2020, Plaintiff "emailed video evidence of child abuse being committed by Dianne Donato to her employer, Pediatric associates of Newark, Delaware." (D.I. 1 at 4.)  The Complaint further alleges that Pediatric Associates is a federally funded facility inside Christiana Hospital, and that Donato is employed as a medical assistant. (*Id.* at 5.)  The Court gathers from the Complaint that Donato is the mother of Plaintiff's children, and that the video depicting the alleged abuse involved Donato and their children. (*Id*. at 6.)

3.      The Complaint contends that Defendant violated 34 U.S.C. § 20341, which mandates reporting requirements for certain individuals.  The Complaint also alleges a violation of the "child abuse prevention and treatment act," which the Court construes as alleging a violation of Title 42, United States Code, Chapter 67, which is titled "Child Abuse Prevention and Treatment and Adoption Reform" ("CAPTA").  Plaintiff's claims fail under both statutes.

4.      Plaintiff fails to state a claim under CAPTA at least because there is no private right of action under CAPTA.  *Tony L. By & Through Simpson v. Childers*, 71 F.3d 1182, 1190 (6th Cir. 1995).

5.      Plaintiff fails to state a claim under 34 U.S.C. § 20341 at least because there is no private right of action under 34 U.S.C. § 20341.  *Harding v. Watch Tower Bible & Tract Soc'y of N.Y., Inc.*, No. 22-197, 2023 WL 140117, at *1–2 (E.D. Okla. Jan. 9, 2023).

6.      Even if Plaintiff could bring a claim under CAPTA or 34 U.S.C. § 20341—or if Plaintiff is somehow alleging that a violation of one of those statutes could give rise to a state law negligence claim—any such claim would be barred by the applicable statute of limitations.  The limitations period here is, at most, three years.  10 Del. C. §§ 8106, 8107; *Fisher v. Hollingsworth*, 115 F.4th 197, 209 (3d Cir. 2024) ("Where . . . Congress has enacted no statute of limitations for a federal tort, we ordinarily borrow the statute of limitations from state law.").  The Complaint

alleges that Plaintiff emailed the video evidence to Pediatric Associates in October 2020.  This action was not filed until November 12, 2025.

7.      For the foregoing reasons, IT IS NOW HEREBY ORDERED that Defendant's Motion to Dismiss (D.I. 7) is GRANTED.  Any request for leave to amend must be filed on or before August 7, 2026, and must be accompanied by a proposed amended pleading.  Should no request for leave to amend be received, the Clerk of Court will close the case.

Dated: July 17, 2026

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

3